UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>V.<br><br>SEVENTY THOUSAND ONE<br>HUNDRED FIFTY DOLLARS IN<br>UNITED STATES CURRENCY<br>($70,150.00), et al.,<br>DEFENDANTS. | CASE NO. 1:02-cv-874<br><br>Senior Judge Spiegel |

## CONSENT JUDGMENT AND DECREE OF FORFEITURE
## AS TO DEFENDANTS 2, 6, 7, 8, 9, 10, 11, AND A PORTION OF DEFENDANT 3

The United States of America ("United States") filed a verified Complaint for Forfeiture in Rem on November 21, 2002 (Doc. 1). This is a civil action in rem brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

and/or § 981(a)(1)(C), which provides for the forfeiture to the United States of:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

and/or 21 U.S.C. § 881(a)(4), which provides for the forfeiture of:

> All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

Paragraph (1) of 21 U.S.C. § 881(a) provides:

> All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

and/or 21 U.S.C.§ 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

and/or 31 U.S.C. § 5317(c)(2), which provides for the forfeiture of:

> Any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy . . . .

A Warrant of Arrest in Rem (Doc. 2) was issued by this Court directing the Department of the Treasury and/or the United States Marshals Service to arrest the defendants. The Warrant required any person or entity claiming an interest in the defendants to file a verified claim, that is a statement of interest or right against the defendants, with the Clerk of the Court within thirty (30) days after receipt of actual or public notice of this action and arrest and to file an answer within twenty (20) days after the filing of the claim. The Warrant further required the plaintiff to publish notice of the arrest of the defendants and the forfeiture action in a newspaper of general circulation in the Southern District of Ohio.

The Department of the Treasury arrested Defendants 2-11 on December 19, 2002 (Doc. 13). The defendants are within the jurisdiction of the Court.

On December 19, 2002 and January 14, 2003, the United States served notice upon all persons and entities believed to have an interest in the subject property in person or by certified mail (Doc. 9), and the United States published notice of the action in the <u>Cincinnati Court Index</u>,

2

a newspaper of general circulation in the Southern District of Ohio, on January 17, January 24, and January 31, 2003 (Doc. 12).

Nico Capurro ("claimant") filed a claim to the subject property on December 3, 2002 (Doc. 3), and filed an answer to the complaint on December 20, 2002 (Doc. 6). Nico Capurro was indicted on September 20, 2006 in the United States District Court for violations of 18 U.S.C. § 1956; 21 U.S.C. § 841 and 846; and 31 U.S.C. 5324. Nico Capurro agreed to the forfeiture of $88,000.00 of structured funds in his Plea Agreement filed with the Court on September 4, 2007 (Doc. 51, *U.S. v. Nico Capurro et al.*, Case no. 1:06-cr-112, S.D. Ohio, pending).

Rose Capurro, claimant's wife, filed a claim to the subject property on December 3, 2002 (Doc. 4), and filed an answer to the complaint on December 20, 2002 (Doc. 7). The United States and Rose Capurro entered into a Settlement Agreement (Doc. 19) regarding Defendants 4 and 5 in which Rose Capurro agreed not to pursue her claim to the remaining defendant property in this civil forfeiture action.

As of March 2, 2003, which is thirty days after the last date of publication, no other person, has filed a claim or an answer to the United States' Complaints for Forfeiture in Rem and the time to do so has expired.

Nico Capurro has agreed that all of his right, title and interest in the following property which constitutes $88,000.00, "the defendant property," is hereby forfeited to the United States:

    a.    Defendant 2 is the contents of Charles Schwab Brokerage Account, number XXXX-2055 in the amount of $56,653.24;

    b.    The amount of $12,493.83 from Defendant 3 is the contents of Huntington National Bank Premier Savings Account, number XXX1815;

  c.  Defendant 6 is the contents of Sharefax Credit Union Savings Account, number X1496 in the amount of $2,152.93;

  d.  Defendant 7 is Huntington National Bank Official Check, number 100229431, in the amount of five thousand dollars ($5,000.00);

  e.  Defendant 8 is PNC Bank Cashier's Check, number 4476374, in the amount of five thousand dollars ($5,000.00);

  f.  Defendant 9 is Fifth Third Bank Official Check, number 2171174, in the amount of five thousand dollars ($5,000.00);

  g.  Defendant 10 is the net sale proceeds ($1,700.00) of a 1990 Lexus sedan, VIN JT8UF11E8L0009161, pursuant to the interlocutory sale order; and

  h.  Defendant 11 is the net sale proceeds ($0) of a 1984 Marinette 32' Flybridge Sedan, Official Number 678494, pursuant to the interlocutory sale order;

because the defendant property is subject to forfeiture to the United States in accordance with Defendant Capurro's Plea Agreement (Doc. 51, *U.S. v. Nico Capurro et al.*, Case no. 1:06-cr-112, S.D. Ohio, pending), and under 18 U.S.C. § 981(a)(1)(A); § 981(a)(1)(C) and/or 18 U.S.C. § 5317(c)(2) related to one or more violations of 31 U.S.C. § 5324(a)(3).

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), and/or 18 U.S.C. § 981(a)(1)(C), and/or 31 U.S.C. § 5317(c)(2). All right, title, and interest in the defendant property is vested in the United States of America and no right, title, or interest shall exist in any other person or entity.

The Department of the Treasury shall dispose of the defendant property in accordance with the law.

Nothing in this Consent Judgment and Decree of Forfeiture as to the defendant property shall affect the right of the United States and Nico Capurro to litigate the forfeitability of the

4

remaining assets in this civil forfeiture action.

**Release of Claims**

Nico Capurro hereby:

1. withdraws any claim he may have to the defendant property named in this Consent Judgment of Forfeiture, including, but not limited to any claim he may have to interest, costs, and attorney fees, with respect to the seizure and this forfeiture action;

2. agrees not to contest the forfeiture to the United States of the defendant property named in this civil forfeiture action as set forth in this Consent Judgment of Forfeiture;

3. agrees not to contest that there was reasonable and probable cause to seize the defendant property and to bring the forfeiture action against the defendant property named in this Consent Judgment of Forfeiture;

4. agrees that he did not substantially prevail in this civil forfeiture action against the defendant property named in this Consent Judgment of Forfeiture; and

5. agrees to release and hold harmless the United States and its agencies and any state or local agencies, their agents, servants, employees, and officers acting in their individual or official capacities, from any and all claims, demands, causes of action or suits, of whatever kind and description, and wheresoever situated, that might exist or may arise as a result of the seizure, forfeiture action, and/or settlement regarding the defendant property named in this Consent Judgment of Forfeiture.

I have read and understand the Consent Judgment of Forfeiture, including the Release of Claims, and have discussed it with counsel, and I knowingly and voluntarily agree to

the terms.

_____
Nico Capurro

_____
Kevin Spiering, Esq
Attorney for Nico Capurro
119 East Court Street
Cincinnati, Ohio 45202
(513) 381-1500

                              GREGORY G. LOCKHART
                              United States Attorney

                              _____
                              DONETTA D. WIETHE (0028212)
                              Assistant United States Attorney
                              Attorney for Plaintiff
                              221 East Fourth Street, Suite 400
                              Cincinnati, Ohio 45202
                              (513) 684-3711 Fax: (513) 684-6972
                              Donetta.Wiethe @usdoj.gov

SO ORDERED:

_____
S. Arthur Spiegel, Senior Judge
UNITED STATES DISTRICT COURT